UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEIDRA JOHNSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENTERPRISE HEALTH SERVICES, INC. )<br>d/b/a ENTERPRISE HOME CARE, )<br>PATRICK BELL and )<br>ALLONA PEOPLES )<br>)<br>Defendants. ) | **JURY DEMAND**<br>**ENDORSED HEREON** |

## COLLECTIVE ACTION COMPLAINT FOR UNPAID OVERTIME WAGES

Plaintiff Deidra Johnson ("Plaintiff" or "Johnson"), individually and on behalf of all others similarly situated, alleges as follows for her Collective Action Complaint against Defendants Enterprise Health Services, Inc. ("Enterprise Health"), Patrick Bell ("Bell"), and Allona Peoples ("Peoples") (collectively, "Defendants"):

1. Plaintiff and similarly situated employees worked for Defendants as Direct Support Professionals and Home Health Aides.

2. Defendants operate under the trade name "Enterprise Home Care."

3. Defendants' revenues exceed $500,000 per year.

4. Enterprise Health is an enterprise engaging in interstate commerce.

5. Bell is an owner and manager of Enterprise Health.

6. Peoples is an owner and manager of Enterprise Health.

7. Bell acted directly or indirectly in the interest of Enterprise Health in relation to Plaintiff and similarly situated employees.

8. Peoples acted directly or indirectly in the interest of Enterprise Health in relation to Plaintiff and similarly situated employees.

9. Bell had operational control of Enterprise Health.

10. Peoples had operational control of Enterprise Health.

11. Bell was involved in the day-to-day operation of Enterprise Health, had some direct responsibility for the supervision of Plaintiff and similarly situated employees, and was directly involved in making decisions concerning the payment (and non-payment) of wages to Plaintiff and similarly situated employees.

12. Peoples was involved in the day-to-day operation of Enterprise Health, had some direct responsibility for the supervision of Plaintiff and similarly situated employees, and was directly involved in making decisions concerning the payment (and non-payment) of wages to Plaintiff and similarly situated employees.

13. Bell had an economic interest in not paying Plaintiff and similarly situated employees time-and-a-half overtime wages for all hours worked over forty in a workweek.

14. Peoples had an economic interest in not paying Plaintiff and similarly situated employees time-and-a-half overtime wages for all hours worked over forty in a workweek.

15. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint pursuant to the Fair Labor Standards Act, 20 U.S.C. Sections 201, *et seq*.

16. This Court has personal jurisdiction over the parties to this action.

17. Venue is proper in the Northern District of Ohio Eastern Division because Defendants conducted activity in this district and because part of the claim for relief arose in this district.

18. Plaintiff consents to become a party plaintiff in this action and has attached her written consent hereto as Exhibit A.

19. Defendants were the employers of Plaintiff and similarly situated employees.

20. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if she is successful on one or more of the claims set forth herein.

21. Plaintiff and similarly situated employees have worked for Defendants over the past three years performing work as Direct Support Professionals and Home Health Aides.

22. While working for Defendants, Plaintiff earned between $11 and $12 per hour.

23. Defendant paid Plaintiff and similarly situated employees on an hourly basis.

24. At all times that Plaintiff and similarly situated employees worked for Defendants over the past three years, Defendants did not pay Plaintiff and similarly situated employees time-and-a-half overtime wages for their hours over forty in a workweek.

25. Plaintiff and similarly situated employees confronted Defendants about their failure to pay Plaintiff and similarly situated employees time-and-a-half overtime wages for their hours over forty in a workweek.

26. When confronted by Plaintiff and similarly situated employees about Defendants failure to pay time-and-a-half overtime wages, Defendants told Plaintiff and similarly situated employees that Defendants did not pay overtime wages because they paid more than other home health care companies.

27. Defendants are required to comply with overtime requirements set forth in the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

28. Plaintiff and similarly situated employees regularly worked over forty hours per week for Defendants.

29. Plaintiff and similarly situated employees were non-exempt hourly employees under the Fair Labor Standards Act.

30. Defendants have violated the Fair Labor Standards Act by not paying Plaintiff and similarly situated employees overtime wages for all hours worked over a regular forty-hour workweek.

31. Defendants' conduct with regard to not paying time-and-a-half overtime wages to Plaintiff and similarly situated employees was willful.

32. Plaintiff and similarly situated employees have been damaged by Defendants' non-payment over time-and-a-half overtime wages.

33. Plaintiff and similarly situated employees are entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

34. Defendants are liable for the costs and reasonable attorney's fees of Plaintiff and similarly situated employees pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiff and similarly situated employees demand judgment against Defendants for their unpaid overtime wages, liquidated damages, post-judgment interest, attorney's fees and costs, and all other relief to which they are entitled.

JURY TRIAL DEMANDED.

        Respectfully submitted,

        /s/ Christopher M. Sams
        Stephan I. Voudris, Esq.
        Supreme Court No. 0055795
        Christopher M. Sams, Esq.
        Supreme Court No. 0093713
        Voudris Law LLC
        8401 Chagrin Road, Suite 8
        Chagrin Falls, OH 44023
        svoudris@voudrislaw.com
        csams@voudrislaw.com
        440-543-0670
        440-543-0721 (fax)
        *Counsel for Plaintiff*